### EDNA GARR v MACK GARR

Ohio Appeals, 2nd Dist, Montgomery Co

No. 898. Decided July 3, 1929

Mr. C. J. Mattern, Dayton, for Edna Garr.

Mr. Chas. J. Brennan, Dayton, for Mack Garr.

ALLREAD, J.

One of the purposes sought by this proceedings in error is a review of that judgment. We have carefully considered the evidence. The testimony is in conflict, and we are unable to find sufficient evidence in conflict with the judgment to justify this court in reversing the same. The judgment as to the divorce will, therefore, be affirmed.

The court below refused to decide as to the custody of the child, which was asked for by both parties. We think in this the court was in error. It was his duty to decide as to the custody of the child. There was an agreement at the time of the separation between the husband and the wife as to the custody of the child, and as to the duty of the plaintiff, Mack Garr, to make a contribution to the wife and for the custody of the child. This agreement is set up by the defendant, the wife, in her cross petition, and the court was asked to declare the validity thereof and fix the amount due from the defendant, and as to the custody of the child.

The court declined to pass upon this question, and we think it was the duty of the Court of Domestic Relations to pass upon the validity of that contract, or at least to make an award of the amount due from the defendant in error to the plaintiff in error for the custody of said child in case it should be awarded to her.

We think the failure of the trial court to pass upon these questions constitutes prejudicial error and calls for a reversal of the judgment.

The judgment, so far as it relates to the custody of the child, the validity of the contract of separation, and the award to plaintiff in case such award is made of the child, and of the amount of compensation to her for the support of said child, is hereby reversed and the cause is remanded to the Court of Common Pleas, Domestic Relations Division, for further proceedings.

Judgment affirmed as to the decree of divorce, and reversed in other respects.

Kunkle and Hornbeck, JJ, concur.